Barney, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a motion for a new trial by the defendants, and the whole case came up for consideration upon the hearing of said motion. The foregoing findings have been made to be substituted for the findings heretofore made in this case. It will be seen from the same that the original contract for the performance of the work was prepared upon a printed form furnished by the defendants.and which contained the usual provision that the same was subject to the approval of the Quartermaster General, United States Army, but before execution this provision was changed so as to make it subject to the approval of the commanding general in the Philippine Islands. This change was doubtless made in all the contracts executed for the performance of work in the Philippine Islands, and it is needless to say that this change was made necessary by the impossibility in such cases of communicating with the officials here in Washington in proper time, and particularly in subordinate contracts of the kind in question in this case.
Before the contract period had expired the claimant made application to the Government authorities in the Philippines for an extension of time for the completion of the contract upon the ground that it had been delayed in the receipt of some necessary materials. This extension was granted by Capt. Brooke, the quartermaster in the Philippines, in a separate contract, in.which contract it was said that such “extension will not be prejudicial to the interests of the United States,” and this extension of time was approved by Maj. Gen. Wood, the then commanding officer in the Philippines. Doubtless by inadvertence this contract for extension was not changed as to the officer to whose approval it was to *178 be subject, and we think from all the facts and circumstances of the case the court might well find, as was done upon the former trial, that there was a mutual mistake in that regard, but we have preferred to state the facts just as they occurred, and let them speak for themselves. We might here add that the advertisement for bids provided that all contracts under them would be subject to the approval of the commanding general in the Philippines, which was, of course, notice to the claimant and other bidders that he was the officer who was to have jurisdiction in such matters. It would indeed be an. anomalous state of affairs in the Philippines if a contract for the performance of work there should be subject to the approval of the commanding general and at the same time its modification as to time for its performance should not also be subject to his approval.
By the terms of the last contract the captain-quartermaster in the Philippines, with the approval of Maj. Gen. Wood, the then commanding general there, extended the contract period for the completion of the work, and we are not disposed to deny their authority for that purpose.
Our attention has been called to an order issued by the Quarterrhaster General under date of November 8, 1902, in which it is provided that all applications for the extention of time for the completion of contracts under his jurisdiction shall be submitted to him and subject to his approval. The paragraph of that order particularly applicable to this case is as follows:
“ Should it appear that a contractor will not be able to complete the work within the time agreed upon, in lieu of annulment of contract the time limit thereof, with the sanction of the Quartermaster General, may be waived and the contractor permitted to proceed with the work, to be carried forward with reasonable dispatch and finished in reasonable time. What constitutes reasonable dispatch or reasonable time will be determined by the officer in charge.”
Thus it will be seen that the order provides that the time limit of a contract may be waived “ with the sanction of the Quartermaster General,” and that “ what constitutes reasonable dispatch or reasonable time will be determined by the officer in charge.” Now, it will not be presumed that any *179 officer of the Army has been, guilty of disobedience to orders, and it may well be presumed that Capt. Brooke, the local quartermaster in the Philippines, with the approval of the commanding general there, had the “ sanction ” of the Quartermaster General to grant the extension of time, which he did. .
It is hardly necessary to say that under the Maryland, Steel Co. case, recently handed down by the Supreme Court, the extension of time for the completion of the works relieved the claimant from the operation of the liquidated damage clause of the contract.
From all the circumstances of the case we believe the local quartermaster and the commanding general had authority to extend the time limit for the work under the original contract, from which it follows that the deductions from the contract price were improperly made.
Defendants’ motion for a new trial is overruled.
All concur, Judge Howry not sitting.